**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                    No. 96-4771

ROBERT L. ROBINSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-96-28)

Submitted: May 15, 1997

Decided: June 3, 1997

Before RUSSELL, HALL, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard W. Hudgins, Newport News, for Appellant. Helen F. Fahey,
United States Attorney, Jeffrey W. Hart, Special Assistant United
States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert L. Robinson was convicted of refusing to take a blood alcohol test, driving under the influence (third offense), and violating driving restrictions. See 18 U.S.C.A. §§ 7, 13, 3118 (West 1969 & Supp. 1994). He was sentenced to two concurrent jail terms of twelve months. He appeals his conviction on the ground that the district court failed to sua sponte hold a competency hearing and order a mental competency evaluation. We affirm.

At trial, Robinson represented himself with the assistance of an attorney.* This attorney informed the court that Robinson had previously been diagnosed with post-traumatic stress disorder, alcohol dependence, heroin dependence in remission, and paranoid schizophrenia. Robinson further explained that he had "a computer chip in [his] stomach that controls [his] actions." He claimed that the computer chip controlled his actions the day he was arrested. Robinson did not move for either a competency hearing or an evaluation, and the court, on three separate occasions, concluded that it did not have a reasonable basis for ordering an examination.

Robinson challenges the district court's refusal to sua sponte order a hearing and examination under 18 U.S.C. § 4241 (1994). A district court is required to order a competency hearing if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). Further, a psychiatric or psychological examination "may" be ordered by the court before a competency hearing pursuant to § 4241(b). The determination of whether to order a hearing or examination on the issue of competency is a matter left to the discretion of the trial court. See United States v. West, 877 F.2d 281, 285

_____

*The court denied Robinson's motion for an appointed attorney due to his income. However, because Robinson faced possible imprisonment, the court appointed an attorney to advise Robinson in the presentation of his case.

2

n.1 (4th Cir. 1989). A review of the transcript of the trial reveals no abuse of discretion.

The district court found no evidence that Robinson was unable to understand the nature of the proceedings against him, and it specifically noted that, even given Robinson's delusions concerning the computer chip, Robinson had "an excellent memory of what happened" on the day of his arrest and was able to conduct himself in an "intelligent manner." On his own behalf, Robinson offered no documented evidence of incompetence apart from his prior evaluations. An opinion that a defendant is a substance abuser or a paranoid schizophrenic does not constitute an opinion on competency. See Hall v. United States, 410 F.2d 653, 658 (4th Cir. 1969) (presence of mental illness in not conclusive of incompetence).

Because Robinson has not presented facts giving rise to "reasonable cause" to doubt his mental competence, see United States v. Mason, 52 F.3d 1286, 1293 (4th Cir. 1995), he cannot successfully challenge the district court's finding of competency. The district court considered appropriate factors in making its determination and acted well within its discretion in concluding that a hearing was not warranted. Accordingly, we affirm Robinson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED